IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILBUR JOHNSON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-941 (MN) |
| | ) |
| RAY FITZGERALD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Wilbur Johnson-Bey, Wilmington, DE – Pro Se Plaintiff

January 7, 2022
Wilmington, Delaware

*/s/ Maryellen Noreika*
**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Wilbur Johnson-Bey ("Plaintiff") filed this action alleging wrongful eviction in violation of federal and state laws. (D.I. 2 at 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). Plaintiff has also filed a motion for injunctive relief and an omnibus motion. (D.I. 6, 7). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.   BACKGROUND

The Court takes judicial notice that on October 28, 2020, the Wilmington Housing Authority ("WHA") filed a landlord tenant action against Plaintiff in *Wilmington Housing Authority v. Johnson*, (Del. J.P. Oct. 28, 2020). The Justice of the Peace Court docket indicates that in November 2020, the WHA filed motions for access to Plaintiff's rental unit and, when entry was attempted on November 6, 2020, a sign on the door stated that "there shall not be any forced obligations or contracts to window installation" and a person heard at the door would not open it. Trial was scheduled, and a hearing was held on March 19, 2021. A March 23, 2021 docket entry states that "notice to Plaintiff and Defendant of time of hearing returned from post office as not deliverable as addressed." The same day, the Court granted WHA's motion to execute writ of possession in the interest of justice. A notice of writ of possession issued on April 6, 2021, and the notice was returned from the Post Office on April 8, 2021 as "not deliverable as addressed." The eviction was complete on April 13, 2021 when possession was turned over to the landlord once the locks were changed. *See* https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public _qry_doct.cp_dktrpt_frames?backto=P&case_id=JP13-20-005910&begin_date=&end_date= (last visited Jan. 6, 2022).

Plaintiff alleges that, as a disabled person, his right to public housing was violated when he was evicted without a court hearing or his presence. (D.I. 2 at 3). He also alleges that he was

1

evicted in violation of Delaware Governor John Carney's executive order of no evictions during the COVID pandemic.  (*Id*.).

Plaintiff wrote to WHA Executive Director John Hill ("Hill") and Assistant Manager Samantha Cox ("Cox") on July 14, 2020 and submitted a tenant petition complaint concerning window installation and other issues.  (D.I. 2-1 at 55-56).  He also wrote to Hill on two unknown dates:  the first letter raised the issue of WHA Security Personnel Yulonda Durant ("Durant"), maintenance, and WHA contractors and agents who requested entry into Plaintiff's apartment to replace windows; the second letter complained that Durant aided and abetted Wilmington Police Department officers in entering his apartment.  (*Id*. at 57-58).

Plaintiff alleges that on September 25, 2020, Durant used her master key to unlock the apartment to allow Wilmington Police Department officers to enter the apartment without a warrant and drag Plaintiff into the hallway where he was assaulted, battered, and embarrassed in front of other tenants all in violation of the Fourth, Fifth, and Sixth Amendments of the United States Constitution.  (D.I. 2 at 4; D.I. 2-1 at 6-9).  As alleged, Defendants wanted to perform maintenance on Plaintiff's apartment and offered him free hotel/motel accommodations which Plaintiff refused on the grounds that he was not required to vacate the premises when maintenance is performed.  (D.I. 2-1 at 8, 9, 14).  Plaintiff alleges that WHA managers Jawana Patton ("Patton"), Cox, and Durant intimidated and retaliated against him by repeatedly sticking in, in front of, and under, his apartment door offers of hotel accommodations.  (D.I. 2-1 at 8-9).  He alleges that Cox also slid signed and unsigned letters under the door.  (*Id*. at 9).

On September 28, 2020, window contractors attempted to gain entry to Plaintiff's apartment.  (D.I. 2-1 at 65).  The WHA's Notice of Legal Action 7-Day Notice to Plaintiff dated September 29, 2020 states that Plaintiff became belligerent which resulted in the WHA calling the

2

police to gain control of the situation. (*Id*.). The letter also states that "on September 30, 2020", WHA Building Manager knocked on Plaintiff's door and asked if he would allow the contractors to replace the windows. (*Id*.). According to the letter, Plaintiff refused to allow anyone to enter the premises. (*Id*.). Plaintiff was advised that his conduct was unacceptable, would not be tolerated, and was in violation of WHA rules. (*Id*.). Plaintiff was advised that the windows in his apartment would be replaced on October 7, 2020. (*Id*.).

Plaintiff alleges that in November 2020, WHA Property Manager Felix Wilkins ("Wilkins") used his master key to illegally enter the apartment without a warrant to allow Wilmington Police Department officers to enter the apartment and impersonate the sheriff. (D.I. 2 at 4; D.I. 2-1 at 11, 16, 19, 20). Plaintiff alleges that Hill gave the WHA master key to a Wilmington Police Department officer to enter his apartment. (D.I. 2-1 at 16, 20).

Plaintiff alleges that on March 20, 2021, he was assaulted by an undercover WHA female security officer, and the WHA evicted Plaintiff to cover up the assault and battery and to ransack, sabotage, and steal Plaintiff's evidence and other personal belongings. (D.I. 2 at 5).

On April 7, 2021, Plaintiff was served an eviction notice to vacate his apartment by April 13, 2021. (D.I. 2-1 at 67). Plaintiff alleges that he was evicted from his apartment on April 13, 2021 for filing code violations against Defendants with the Washington, D.C. HUD office. (*Id*. D.I. 2 at 4). Plaintiff made telephone calls and wrote letters to arrange a date for him to retrieve his property. (*Id*. at 68, 78-84). Plaintiff was advised by the WHA on June 10, 2021 that he could retrieve his personal property on June 15 and June 16, 2021. (D.I. 2-1 at 103). On June 11, 20201, Plaintiff received confirmation of the dates. (*Id*.).

Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however,

must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION
#### A.  Rooker-Feldman

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The landlord tenant dispute was resolved by Delaware's Justice of the Peace Court. To the extent Plaintiff objects to his eviction, the Rooker-Feldman doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing plaintiff's eviction claims to proceed against Defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine.[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Plaintiff's claim falls within the class of cases to which the *Rooker–Feldman* doctrine applies. He lost the landlord tenant suit in state court before he filed his action in the District Court. In his complaint, he complains of injuries caused by the judgment in favor of WHA. Plaintiff couches his claims as violations of his constitutional rights and as violations of federal criminal law, but it is evident that he actually seeks review and rejection of the Justice of the Peace

---

[1] For the doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Court's rulings. The claims fall under the purview of the Rooker-Feldman doctrine and, therefore, this Court cannot exercise jurisdiction over the landlord tenant claims.

**B.     Section 1983 or Bivens Claims**

Plaintiff alleges violations of his constitutional rights. The WHA is a nonprofit agency of the State of Delaware that provides housing to low-income individuals and families. *Doe v. Wilmington Housing Auth.*, 88 A.3d 654, 659 (Del. 2014). The Complaint, however, does not allege that any defendant is a state or federal actor, an element necessary to state a civil rights claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers).

In addition, the claims are deficiently pled. For example, the Complaint uses legal terms without supporting facts. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Indeed, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Finally, the Complaint omits dates and names which required this Court to scour the exhibits in an attempt to determine what Plaintiff alleged. Because the Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend the constitutional claims.

**C.     Criminal Statutes**

The Complaint alleges violations of a number of federal criminal statutes (18 U.S.C. §§ 4, 241, 242, 245, 1503, 1504, 1512, 1513). To the extent that Plaintiff seeks to impose criminal

liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Miscellaneous Motions

Plaintiff's motion for injunctive relief and omnibus motion, affidavit for writ of error, writ of mandamus, and writ of certiorari (D.I. 6, 7) will be dismissed without prejudice as premature. Plaintiff may file renewed motions upon the filing of an Amended Complaint that raises cognizable and viable claims.

### IV. CONCLUSION

For the above reasons, the Court will: (1) dismiss without prejudice to renew as premature Plaintiff's motion for injunctive relief and omnibus motion, affidavit for writ of error, writ of mandamus, and writ of certiorari (D.I. 6, 7); and (2) dismiss the Complaint for want of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend those claims that allege constitutional violations.

An appropriate Order will be entered.